STEVEN F. BUS,
Nevada Bar #3041
Quail Corners South
611 Sierra Rose Drive
Reno, Nevada 89511
(775) 825-2700
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CURTIS FIREBAUGH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA, BRAIN BERTOLINI, an individual, TIM VEDDER, an individual, and DOES I-X, inclusive,<br><br>Defendants. | Civil Action No.: 3:12-cv-00242-LRH-WGC<br>**ORDER GRANTING SECOND EX PARTE MOTION FOR EXTENSION OF TIME FOR SERVICE OF SUMMONS** |

Plaintiff, CURTIS FIREBAUGH, by and through his undersigned Counsel, STEVEN F. BUS, ESQ. of the Law Offices of Steven F. Bus, Ltd., hereby moves this Honorable Court for a second order to extend time for service of the Summons as to Defendant TIM VEDDER.

This Motion is made pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and is based upon the Affidavit of Steven F. Bus, Esq. attached hereto, the Memorandum of Point and Authorities submitted herewith, and all the pleadings and papers on file herein.

DATED this _30th_ day of November, 2012.

_____
STEVEN F. BUS, ESQ.
Law Offices of Steven F. Bus, Ltd.
611 Sierra Rose Drive
Reno, Nevada 89511
(775) 825-2700
Attorney for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES
## I.
## STATEMENT OF FACTS

Plaintiff filed his Complaint on May 3, 2012. At the time the Complaint was filed, to the Plaintiff's knowledge, his former employer, Bertolini Trucking, Inc. was no longer in business. The individual Defendant, BRAIN BERTOLINI and TIM VEDDER were also formerly employed by Bertolini Trucking, Inc. Bertolini Trucking, Inc. had a principal place of business at one time in Marysville, California. Plaintiff then began to investigate the current whereabouts of both Defendants BRIAN BERTOLINI and TIM VEDDER. Plaintiff was unable to located an existing address for either Defendant. Plaintiff then obtained copies of the bankruptcy pleadings for Bertolini Trucking, Inc. to ascertain any possible address. In fact, even the bankruptcy Trustee, Mr. Aceituno, was contacted for any possible information regarding the current whereabouts of said Defendants. Despite Plaintiff's extensive efforts to determine the current location of BRIAN BERTOLINI and TIM VEDDER, plaintiff was unsuccessful. The only address Plaintiff could locate was the former address of Bertolini Trucking, Inc. at 3742 North Beale Road, Marysville, California. Since this was the only address Plaintiff could obtain, Plaintiff opted to attempt service at this address for both said Defendant, BRIAN BERTOLINI was successfully served at the Beale Road address but BRIAN BERTOLINI indicated that TIM VEDDER was not at that address. Plaintiff is under the understanding that TIM VEDDER is a long haul trucker and his current whereabouts are unknown. All of the Defendants with exception of TIM VEDDER have now been served.

Plaintiff has attempted to locate TIM VEDDER through various sources withou any success during the extended service period. Thus, Plaintiff is requesting an additional ninety (90) days so that service can be made upon the Defendant, TIM VEDDER.

## II.
## EXTENSION OF TIME FOR SERVICE SHOULD BE GRANTED BECAUSE PLAINTIFF HAS SHOWN GOOD CAUSE

NRCP 4(m) states as follows:

**(m)** *Time Limit for Service.* **If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff -**

**must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for that failure, the court must extend the time for service for an appropriate period...**

In this case the Plaintiff has demonstrated good cause. The Plaintiff took extensive efforts to attempt to locate a physical address for TIM VEDDER during the initial service period and the extended service period without any success. Given that unlike the State Courts in Nevada, the Federal Rules of Procedure do not provide for publication of summons, Plaintiff is requesting the additional time in order to be able to physically serve Defendant TIM VEDDER. Plaintiff has demonstrated good cause in not serving the Summons and Complaint within the extended period as reflected by the Affidavit of Steven F. Bus, Esq. Based on the foregoing, Plaintiff requests he be granted an additional ninety (90) day extension within which to serve the summons and Complaint on Defendant TIM VEDDER.

RESPECTFULLY submitted this 30th day of November, 2012.

_____
STEVEN F. BUS, ESQ.
Law Offices of Steven F. Bus, Ltd.
611 Sierra Rose Drive
Reno, Nevada 89511
(775) 825-2700

Attorney for Plaintiff

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: December 4, 2012

## AFFIDAVIT OF STEVEN F. BUS

STATE OF NEVADA      )
                     ) ss.
COUNTY OF WASHOE     )

I, STEVEN F. BUS, ESQ. do hereby swear upon the penalty of perjury that the assertions of this affidavit are true as follows:

1. I am an attorney licensed to practice law in the State of Nevada and am admitted to practice before this Court.

2. I am the attorney for the Plaintiff, CURTIS FIREBAUGH.

3. Within a few weeks after filing the Complaint, we began preparing the summonses to be issued by the Court.

4. While reviewing the documents in our possession, it became apparent that Plaintiff did not have a physical address for either Defendant BRIAN BERTOLINI or TIM VEDDER for service of process.

5. Given the fact that Plaintiff was aware that Bertolini Trucking, Inc. filed bankruptcy and Defendants had been employees of the company, Plaintiff obtained copies of various bankruptcy pleadings and documents to ascertain the physical address which were received sometime in early June.

6. After reviewing the documents, the only physical address that we discovered was 3742 N. Beale Road, Marysville, California 95901 which was the address for Bertolini Trucking, Inc. which is no longer in operation.

7. Soon thereafter, the Trustee, Mr. Aceituno, for the Bertolini Trucking, Inc. bankruptcy and BRAIN BERTOLINI was contacted by me who did not have any information regarding the whereabouts of the Defendants.

8. Plaintiff also conducted further searchers, including on-line searches, to determine if there were any other physical address for the Defendants as it was presumed the Beale Road address would not be viable since it belonged to the trucking company which was no longer operational.

9. Given Plaintiff exhausted his resources and was unable to locate any other physical address, Plaintiff opted to utilize the Beale Road address for service of process.

10. In early July, Plaintiff had the summonses issued and immediately proceeded forward with service.

11. On or about July 24, 2012, Proof of Service was received with regard to Mr. Bertolini at the Beale Road address and Proof of Non-Service to Mr. Vedder at the same address and it was noted by the process server that Mr. Bertolini advised him that Mr. Vedder could no longer be found at the Beale Road address.

12. As a result of the inability to serve Mr. Vedder at the only known address, Plaintiff requested an extension of time of ninety (90) days to complete service of process on Mr. Vedder which was granted by the Court.

13. During the extended period, Plaintiff is still unable to determine a physical address for Mr. Vedder despite significant efforts, including the use of various search mechanisms.

14. Additionally, when contact has been made with those who knew or worked with Mr. Vedder, nor such persons appear to have any information on his current whereabouts.

15. Thus, Plaintiff is seeking an additional ninety (90) days to serve Mr. Vedder.

16. That I have personal knowledge of, and I am competent to testify to, the foregoing matters.

DATED this 30th day of November, 2012.

_____
STEVEN F. BUS, ESQ.

SUBSCRIBED AND SWORN to before me this 30th day of November, 2012

_____
NOTARY PUBLIC, In and for said County and State



KAREN L. TUREK
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 05-95731-2 - Expires February 27, 2013