UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CURTIS FIREBAUGH,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　　　　Defendants. | Case No. 3:12-cv-00242-MMD-WGC<br><br>ORDER<br><br>(Def.'s Motion to Dismiss – dkt. no. 21) |

I.  **SUMMARY**

Before the Court is Defendant United States of America's Motion to Dismiss (dkt. no. 21). For the reasons set forth below, the Motion is granted.

II.  **BACKGROUND**

　　**A.　Factual Background**

Plaintiff Curtis Firebaugh was an employee of Bertolini Trucking Company ("Bertolini") from September 2007 until his termination on January 9, 2008. (Dkt no. 1 ¶¶ 10, 16.) Bertolini is a commercial motor carrier with its principle place of business in California. (*Id.* ¶ 9.) Plaintiff alleges that he was terminated for: (1) refusing, during the period of mid-November 2007 to January 2008, to haul a trailer because it had an unsafe welded leaf spring; and (2) threatening to report the safety violation. (*Id.* ¶¶ 8, 11, 17.) He states that Bertolini management falsely claimed that he was terminated for refusing to take a drug test. (*Id.* ¶ 8.)

Plaintiff states that on November 29, 2007, Defendant Tim Vedder, an employee of Bertolini, instructed him to take a drug test that same day in Elko, Nevada. Plaintiff claims he would have exceeded his service hours had he driven to the testing facility and so instead took the test the next day, on November 30, 2007. (*Id.* ¶¶ 13, 14.) The drug test results were negative. (*Id.* ¶ 15.) Plaintiff continued to drive for approximately five weeks following the drug test until he was fired on or about January 9, 2008. (*Id.* ¶ 16.)

Plaintiff filed complaints with the United States Department of Labor/Occupational Safety and Health Administration ("OSHA") on January 18, 2008, and with the United States Department of Transportation ("USDOT") on January 19, 2008, regarding his termination from Bertolini. (*Id.* ¶¶ 18, 19.) The USDOT is tasked with, among other responsibilities, enforcing the Federal Motor Carrier Safety Regulations. (*See* dkt. no. 21-1 at 1, 4.) As part of their enforcement work, the USDOT conducts investigations concerning compliance with these regulations. (*See id.* at 5.) Plaintiff stated that the USDOT investigated his Complaint in March 2008 but failed to confirm that the welded leaf spring on the trailer was unsafe. (Dkt. no. 1 ¶ 21.) USDOT determined that Bertolini appropriately terminated Plaintiff for refusing to take the November 29, 2007, drug test. (*Id.*) The parties disagree on the date that USDOT completed its investigation and informed Plaintiff of its decision. On May 7, 2010, OSHA completed its investigation and found that Plaintiff was terminated for threatening to report the condition of the trailer and not for refusing to take the drug test. (*Id.* ¶ 4.)

**B.    Procedural History**

Plaintiff filed his Complaint on May 3, 2012, bringing a negligence claim against the United States and defamation claims against Brian Bertolini and Tim Vedder. (Dkt. no. 1.)  Defendant United States filed its Answer on October 1, 2012 (dkt no. 14), and a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on December 19, 2012 (dkt no. 21).

///

### III. LEGAL STANDARD

A Motion to Dismiss under Rule 12(b), such as the one at issue in this case, cannot be filed after a responsive pleading. The rule states that "[a] motion asserting any [12(b)] defenses must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). As Defendant has, however, provided evidence in support of its Motion, the Court will construe the Motion to Dismiss as a Rule 56 motion for summary judgment.

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

### IV. DISCUSSION

Plaintiff alleges that the USDOT performed its investigation of his administrative complaint negligently. (*See* dkt. no. 1 ¶¶ 33, 34.) He brings this claim under the Federal Tort Claims Act ("FTCA"). The FTCA removes the United States' sovereign immunity from suits in tort for "'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission' of federal employees acting within the scope of their employment." *Levin v. United States*, 133 S. Ct. 1224, 1228 (2013) (*quoting* 28 U.S.C. § 1346(b)(1)). The result of the FTCA is that the United States is liable "'to the same extent as a private individual under like circumstances,' § 2674, under the law of

the place where the tort occurred, § 1346(b)(1), subject to enumerated exceptions to the immunity waiver, §§ 2680(a)-(n)." *Id.* As a threshold matter, therefore, the United States can only be subject to suit if a private individual, under the laws of their state, would be liable for the same alleged "negligent or wrongful act." *See* 28 U.S.C. § 1346(b)(1).

The FTCA has no application here because the "negligent or wrongful act" at issue in this case, specifically the USDOT's alleged negligent investigation of Plaintiff's administrative complaint, has no analogue for private individuals. The USDOT is required to investigate complaints of substantial violations of the Federal Motor Carrier Safety Regulations. 49 C.F.R. § 386.12. Investigation into whether federal regulations are violated is a unique government function that private persons do not perform. *See Cortez v. Equal Employment Opportunity* Commission, 585 F. Supp. 2d 1273, 1284 (D.N.M. 2007) ("A public regulatory function such as processing and investigating discrimination charges is a uniquely governmental function that private persons are incapable of performing.") (*citing United States v. Agronics, Inc.*, 164 F.3d 1343, 1345–46 (10th Cir. 1999).

Even if the Court held that the FTCA applied, this case would fall within the law's discretionary function exception. The government is not liable for:

> [a]ny claim based upon an act or omission of an employee of the Government exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). There is a two-part test for determining whether the discretionary function exception applies: (1) whether the challenged actions involve any element of judgment or choice; and (2) whether that judgment is of the kind that the discretionary function exception was designed to shield. *United States v. Gaubert*, 499 U.S. 315, 322-23 (1991).

The United States has satisfied both parts of the test. While the USDOT is obliged to conduct an investigation for substantial violations, its investigators have discretion

regarding how each investigation is conducted. (*See* dkt. no. 21 at 6.) The Ninth Circuit has held that the discretion deployed by agencies in conducting investigations satisfies prong 1. *See, e.g.*, *Sabow v. United States*, 93 F.3d 1445, 1451-53 (9th Cir. 1996); *Vickers v. United States*, 228 F.3d 944, 951 (9th Cir. 2000). Additionally, investigations by federal agencies have been found to clearly involve the "considerations of social, economic, or political policy" that the exception is designed to shield. *In re Glacier Bay*, 71 F.3d 1447, 1450 (9th Cir. 1995); *see also Sabow*, 93 F.3d at 1453–54. The investigation at issue in this case therefore falls within the discretionary function exception.

In sum, even viewing all facts and drawing all inferences in the light most favorable to Plaintiff, his claim against the United States does not fall within the FTCA. Even if the FTCA applies, the conduct about which he bases his claim falls within the discretionary function exception.  Accordingly, Plaintiff's claim against the United States fails as matter of law.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

IT IS THEREFORE ORDERED that Defendant's Motion (dkt. no. 21) is GRANTED.

DATED THIS 9th day of August 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE